UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH JOHNSON
Plaintiff

CIVIL ACTION

VERSUS

STATE OF LOUISIANA,
DISTRICT ATTORNEY KRISTINE RUSSELL
Individually and in her official capacity
LAFOURCHE PARISH SHERIFF'S OFFICE
Individually and in his official capacity,
CRAIG WEBRE, Sheriff
LAFOURCHE PARISH SCHOOL BOARD and
RICHMOND BOYD Individually and in his official capacity
As Lafourche Parish School Board Member and KAINA BOYD
Defendants

## COMPLAINT

### I.   Jurisdiction

This is a civil rights action filed pursuant to title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1983, and the Fourteenth Amendment to the United State Constitution.  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.  The complaint also states causes of action under state law over which this Court has pendent jurisdiction under 28 U.S.C. Section 1367.

### II.   Parties

1.   The complainant is a citizen of the United States, a resident of the Parish of Lafourche, State of Louisiana, at all material times, and person of the full age of majority.

2.   The defendants are STATE OF LOUISIANA, DISTRICT ATTORNEY KRISTINE RUSSELL, individually and in her official capacity, LAFOURCHE PARISH SHERIFF'S

1

OFFICE, CRAIG WEBRE individually and in his capacity as Sheriff of Lafourche Parish, RICHMOND BOYD individually and in his official capacity as Lafourche Parish School Board Member and his wife, KAINA BOYD.

## STATEMENT OF THE FACTS

3. Defendant RICHMOND BOYD is a Lafourche School Board Member whom complainant, KENNETH JOHNSON began questioning RICHMOND BOYD'S residency over whether RICHMOND BOYD lived in the district in Thibodaux or at RICHMOND BOYD'S Raceland business.

4. For months, KENNETH JOHNSON, of Raceland, contended that RICHMOND BOYD, JR. lived outside of his elected district, which would violate state law. RICHMOND BOYD, JR. rejected the allegation.

5 RICHOND BOYD represents District 3, which covers most of Thibodaux. Boyd lists his address as Gerald T. Peltier Drive in Thibodaux, but KENNETH JOHNSON alleged the board member lives at 2525 LA. 308 in Raceland, the address of RICHMOND BOYD'S bail bond company.

6. In an effort to thwart KENNETH JOHNSON'S investigation and allegations of RICHMOND BOYD'S residency RICHMON BOYD and his wife, KAINA BOYD obtained *Orders of Protection* (Permanent) under the guise that KENNETH JOHNSON was stalking, harassing, abusing, assaulting, tracking, monitoring and/or threatening RICHMOND BOYD and his wife.

7. As such, on or about February 6, 2018 the Protective Order (Permanent) under Louisiana Civil Code Article 3601 was rendered and signed by Judge Christopher J. Boudreaux in the 17th Judicial District Court of the Parish of Lafourche.

8. After the rendering of said Orders of Protection any and every time RICHMOND BOYD and/or his wife KAINA BOYD saw or thought they saw KENNETH JOHNSON they called the Sheriff of the Parish of Lafourche to have KENNETH JOHNSON arrested.

9. KENNETH JOHNSON has been constantly harassed and prosecuted for years under those two protective orders that were not even a crime. RICHMOND BOYD and his wife, KAINA BOYD used the Sheriff of the Parish of Lafourche and the District Attorney's Office as his person proxies to harass KENNETH JOHNSON, for a 3601 civil contempt RICHMOND BOYD'S only remedy was file motions for civil contempt but instead as allowed to use the Lafourche Parish Sheriff's Office and District Attorney's Office to prosecute KENNETH JOHNSON.

10. KENNETH JOHNSON'S constitutional rights were violated over 12 times to have Lafourche Parish Sheriff's Office act as a personal bodyguard for RICHMOND BOYD and his wife, KAINA BOYD.

11. In case numbers 579,205; 579,215; 574,239; 575,964; 575,168; H-14747; and E-09510-19 the STATE OF LOUISIANA through the DISTRICT ATTORNEY'S OFFICE arrested KENNETH JOHNSON as follows:

1. 03/20/18 (574,964) with a surety bond of $250 (Violation of PO (Misd)
2. 04/06/18 (575,168) with a surety bond of $2,500 (Violation of PO (Felony)
3. 06/24/18 Stalking (Unverified)
4. 08/06/18 (587,278) with a cash bond $10,000 (Violation of PO)
5. 08/10/18 with property bond of $30,000 (Violation of PO Misd)
6. 08/15/18 (Violation of Probation/Parole) (did 60 days)
7. 10/16/18 (574,239) with a surety bond $25,000 (Violation of PO (Misd)
8. 11/29/18 (Violation of PO) Unverified
9. 03/16/19 (Violation of PO) Unverified
10. 03/18/19 (575,168) with a surety bond $5,000 (Violation of Probation/Parole)
11. 05/05/19 (0795-19) with a cash bond of $1,000 (Violation of PO (Misd)
12. 05/26/19 (Violation of PO) (Unverified)
13. 06/20/19 with a cash bond of $25,000 (Violation of PO (Misd)
14. 06/28/19 (587,278) with a cash bond $4,000 (Violation of PO (Misd)
15. 08/29/19 (Violation of PO Felony)
16. 10/10/19 (Violation of PO) (Unverified)

17. 11/15/19 with a surety bond of $75,000 (Violation of PO (Misd)
18. 03/17/20 (Violation of PO)
19. 07/23/20 (Violation of PO) Unverified NO ARREST ORDER

12. Defendant, State of Louisiana, through Office of District Attorney Kristine Russell, always pertinent herein, the employer of the defendants Assistant District Attorneys herein. Defendant, State of Louisiana Office of District Attorney enjoys ultimate supervisory, regulatory, and corrective authority over each assistant district attorney herein and bears ultimate personal and vicarious liability for the negligent conduct of same. Further, defendant Lafourche Parish Sheriff, Craig Webre has ultimate policy making authority with respect to the conduct and procedures of the Parish of Lafourche deputy sheriffs.

13. Defendant, Lafourche Parish School Board enjoys ultimate supervisory, regulatory, and corrective authority over each school board member herein and bears ultimate personal and vicarious liability for the negligent conduct of same.

14. At all times relevant herein, all law enforcement officials, school board members and assistant district attorneys herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of their employer named herein, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of their employer State of Louisiana, Parish of Lafourche Sheriff's Office and Parish of Lafourche School Board at all times relevant herein with the power and authority vested in them as officers, agents and employees of their employer and incidental to the lawful pursuit of their duties as officers, employees and agents of their employer.

15. On information and belief, the defendant State of Louisiana through Lafourche Parish District Attorney, Lafourche Parish Sheriff and Lafourche Parish School Board's policy, practice

and custom of engaging in harassment, defamation of character, false imprisonment and malicious prosecution has been promulgated, effectuated, and/or enforced in bad faith as a matter of express policy or custom and contrary to clearly established law.

16. In defiance of the clear constitutional command, the defendants have, at all times relevant herein, promulgated, implemented, enforced, and/or failed to rectify a policy, practice and custom allowing its employees and officers to engage in the sort of constitutional violations averred herein without proper oversight or sufficient corrective action. These policies and/or customs has resulted in the violation of the most fundamental rights of the Plaintiff herein.

17. As a direct and proximate result of the acts described herein effected pursuant to this policy and/or custom, the plaintiff has suffered severe physical injury, psychological paid, suffering, and mental anguish.

FIRST CLAIM
42 U.S.C. Section 1983
(Against All Law Enforcement Officials)

18. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 17 as fully set forth herein.

19 By engaging in the acts of harassment, false imprisonment, defamation of character, malicious prosecution averred to herein, defendants have deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, and the rights guaranteed by the Fourth and Fourteenth Amendments of the Untied States Constitution, and tragically failed to prevent one another from doing so.

20. The conduct and actions of the defendants named herein were done under the color of state law and in their individual and official capacities and squarely within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without

authority of law, and an abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments of the United States Constitution.

21.     As a direct and proximate result of the misconduct and abuse of authority averred to the above, the plaintiff have suffered and continue to suffer severe physical pain, psychological pain, suffering and mental anguish to be more specifically averred at trial.

SECOND CLAIM
Pendent State Law Claim
(Against All Defendants)

22.     The plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23.     By the actions described above, each and all of the defendants, jointly and severally, committed the tort, under the laws of the State of Louisiana, of intentional infliction of emotional distress, negligent infliction of emotional distress and the defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society.

24.     Under the doctrine of respondeat superior, the defendant State of Louisiana through Office of District Attorney, Lafourche Parish Sheriff and Lafourche Parish School Board is fully responsible for the tortious acts of the individual employees of same named herein.

25.     Plaintiff KEISHA RENEE JOHNSON has suffered substantial loss of consortium because of the several physical and psychological damage caused by the defendants to KENNETH JOHNSON, to be proven at trial on the merits, for which she prays for recovery.

WHEREFORE, the Plaintiffs specifically demand the following relief individually, vicariously, jointly, severally, and solidarily against all the defendants:

    a. Compensatory damages for Plaintiff in an amount to be determined at trial;

b. Punitive damages for the plaintiff against the individual defendants in an amount to be determined at trial;

c. Damages for loss of consortium.

d. The convening and empaneling of a jury to consider the merits of the claims herein.

e. A court order, pursuant to 42 U.S.C. Section 1988, that the plaintiff is entitled to the costs involved in maintaining this action and reasonable attorney's fees.

f. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

                      RESPECTFULLY SUBMITTED:

                      /s/ Kathleen M. Wilson
                      KATHLEEN M. WILSON, 28836
                      1762 Dallas Drive
                      Baton Rouge, LA 70806
                      TEL: (225) 923-8237
                      FAX: (225) 923-8236