UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH JOHNSON                                            CIVIL ACTION

VERSUS                                                     NO. 20-2703

STATE OF LOUISIANA, ET AL.                                 SECTION: "G"

ORDER AND REASONS

Pending before the Court is "Plaintiff's Motion to Stay Proceedings for 90 Days" filed by Plaintiff Kenneth Johnson ("Plaintiff").[1]  In the instant motion, Plaintiff requests a 90 day stay of this action because "the Louisiana Supreme Court has ordered [Plaintiff's counsel to] inactive status to practice law for a period commending June 1 through August 30, 2021."[2] Defendants Judge Christopher Boudreax, Kristine Russell, Allie Fournet, Craig Webre, Nicholas Pepper, Lafourche Parish School Board, Richmond Boyd, and Kaina Boyd do not oppose Plaintiff's request for a 90-day stay.[3]

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[4] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which

---

[1] Rec. Doc. 75. Upon motion by Plaintiff, the instant motion was expedited and noticed for submission on June 2, 2021.

[2] Rec. Doc. 75-1.

[3] *See* Rec. Docs. 79, 80.

[4] 299 U.S. 248, 254 (1936).

1

must weigh competing interests and maintain an even balance."[5] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[6] Furthermore, a district court may exercise this discretionary power *sua sponte*.[7]

Here, the Court finds that a 90-day stay is appropriate because the Louisiana Supreme Court has ordered that Plaintiff's counsel is suspended from the practice of law for one year and one day, and that "all but ninety days of this suspension shall be deferred, subject to the condition that, before being reinstated from the active period of this suspension, [Plaintiff's counsel] shall produce evidence to this court that she is in compliance" with certain conditions prescribed by the Louisiana Supreme Court.[8] In addition, Plaintiff's counsel will be granted an additional 30 days to be reinstated to the practice of law. Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to stay is **GRANTED.** The above-captioned action is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 120 days.

**IT IS FURTHER ORDERED** that a status conference is scheduled for October 6, 2021 at 3:00 PM.

**NEW ORLEANS, LOUISIANA,** this __2nd__ day of June, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] *Id.* at 254–55.

[6] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[7] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir.1999) ("we have held that the district court may *sua sponte* stay a suit as a form of abstention.")

[8] Rec. Doc. 80-1 at 13–14.

2